# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2011

No. 11-20311
Summary Calendar

Lyle W. Cayce
Clerk

SAMMIE JONES,

Plaintiff-Appellant

v.

STATE OF TEXAS,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-465

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sammie Jones filed a civil rights complaint against the State of Texas related to his prosecution for a misdemeanor in state court. The district court dismissed the action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. On appeal, Jones does not address the district court's determination that he did not state a claim. Rather, his brief contains new allegations of racial discrimination and official misconduct that have no relation to his misdemeanor prosecution in state court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20311

When an appellant does not identify any error in the district court's analysis, it is the same as if the appellant had not appealed the judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Although pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Jones has not addressed the district court's determination that he failed to state a claim, he has abandoned the only issue for appeal. *See Brinkmann*, 813 F.2d at 748; *Yohey*, 985 F.2d at 224-25.

AFFIRMED.